WILSON v. ANN KURIMOTO et al.

No. 1438.

Municipal Court of Appeals for the District of Columbia.

Argued March 22, 1954.

Decided April 23, 1954.

Ward B. McCarthy, Washington, D. C., for appellant.

Leonard C. Collins, Washington, D. C., with whom Ruffin Brantley, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellees, to whom we shall refer to as tenants, sued appellant, their landlord, for overcharges of rent for an apartment. The claim was based on the District of Columbia Emergency Rent Act,[1] and though that Act expired July 31, 1953, there is no doubt that the right to sue for a prior rent overcharge has survived. The trial court gave judgment for the tenants; and the landlord brings this appeal. His sole contention is that the court below erred in not ruling that the apartment in question came within the decontrol provisions of an amendment to the Rent Act,[2] which exempted from rent control "Any housing accommodations the construction of which was completed after

March 31, 1948, or which are additional housing accommodations created by conversion after March 31, 1948, * * *."

The material facts not in dispute are as follows: In August 1947 the landlord purchased the premises involved and remodeled them into sleeping rooms and apartments. In October of that year he applied to the Rent Administrator for rental ceilings on the various units. The Administrator sent proposed ceilings to the landlord, and when he objected to them as being too low, a hearing was held before the ceilings were finally determined. As a result of that hearing an order was issued on March 18, 1948, establishing maximum rentals on the several rooms and apartments. The ceiling on the tenant's apartment was set at $60 per month. In the latter part of 1948 the tenants moved into their apartment and remained there for several months, paying rent at $100 per month.

The landlord argues that the ceiling order of March 18, 1948, was a nullity because the apartment in question was converted after March 31, 1948, the decontrol date. But the trial court found that the conversion of this apartment was substantially completed before the date of the Administrator's order and therefore this particular unit was not decontrolled. The question as to the date of conversion of this apartment is obviously one of fact, and there was substantial evidence to support the trial judge's finding as to that date.

It is true that evidence as to the date of the conversion was conflicting. The landlord testified that the work was not completed until the summer of 1948. He introduced various work permits and licenses issued after the decontrol date in support of this statement. He contends that the work for which these permits were issued by the District of Columbia Government must have been performed after March 31, or else we would have to infer that the various contractors were acting illegally. But defendant's own witness, a District of Columbia employee, testified that these permits were not necessarily issued at the exact

1. Code 1951, § 45–1601 et seq.

2. Code 1951, § 45–1602(3) (b).

time the work was done. The best evidence as to the date of the conversion work would have been the testimony and records of the contractors themselves, but such were not produced.[3] The landlord also argues that the fact that the tenants did not lease their apartment until the latter part of 1948 shows that the work was not completed until that time, as they were the first tenants in this apartment. But again the landlord did not introduce any records or corroborating evidence to support his statements. In rebuttal to the landlord's evidence, the Rent Control examiner testified that he had inspected the apartment and found it to be completed prior to the issuance of the Administrator's order. On this conflicting evidence we cannot say that the trial court was required to decide in favor of the landlord.

Affirmed.

3. Appellant's present counsel was not trial counsel.